IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSEPH ALLEN                                                                                    PLAINTIFF

v.                             CIVIL NO. 25-3007

FRANK BISIGNANO,[1] Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Joseph Allen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on November 15, 2021, alleging an inability to work since November 22, 2019,[2] due to severe back pain, lumbar fusions, groin pain, pain down the legs, and a rod and three screws with a plate on the front of the spine.  (Tr. 61,

---

[1] Frank Bisignano, has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended his alleged onset date to October 15, 2021. (Tr. 35).

175). An administrative telephonic hearing was held on November 16, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 30-59).

By written decision dated January 2, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: marked facet arthropathy of the lumbar spine with disc protrusion and stenosis, surgery for degenerative disc disease in March of 2021, and post-laminectomy syndrome. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb ladders, ropes, scaffolds, ramps, and stairs and occasionally stoop, kneel, crouch, and crawl.

(17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document preparer, a telephone information clerk, and a clerical mailer. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on October 29, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 8, 10).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ failed to account for Plaintiff's inability to sit for prolonged periods of time and his need for a sit/stand option; 2) The ALJ gave conflicting statements regarding Plaintiff's subjective complaints; and 3) The ALJ erred by failing to adopt all of the limitations in the consultative and non-examining medical consultants opinions despite finding both opinions persuasive. (ECF No. 8). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 10).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ has a basic obligation to develop the medical record, but Plaintiff bears the burden of proving he is disabled and is responsible for producing evidence to support his claim. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. *See Haley v. Massanari,* 258 F.3d 742, 749–50 (8th Cir. 2001) (it is

permissible for ALJ to issue decision without obtaining added medical evidence, so long as other evidence provides sufficient basis for ALJ's decision).

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants, Plaintiff's subjective complaints, his medical records. With each medical opinion, the ALJ stated how persuasive she found the opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as document preparer, a telephone information clerk, and a clerical mailer. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 11th day of July 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5